Lon A. Jenkins (4060)
Tami Gadd-Willardson (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
405 South Main Street, Suite 600
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **IN RE:** | **CASE: 18-29247** |
| NEWLEY BOWDEN WELCH | **CHAPTER 13** |
| **Debtor** | Hon. JOEL T. MARKER |

## TRUSTEE'S CONTINUING OBJECTION TO CONFIRMATION

The Standing Chapter 13 Trustee, hereby objects to confirmation based on the following unresolved issues:

1. The Debtor failed to timely file the Domestic Support Obligation Creditor Matrix containing a complete list of DSO claimant(s) and their address(es) as required by Local Rule 1007-2(b)).

2. There appears to be a domestic support obligation in this case, but the Debtor failed to produce at the 341 Meeting a completed Domestic Support Obligation Questionnaire as required by § 521(a)(3).

3. The Debtor must file a certification with the Court that they are current on all post-petition domestic support obligations.

4. The Debtor is not complying with the disposable-income test of § 1325(b)(1)-(2) because the plan proposes to retain and pay for luxury collateral that is not reasonably necessary for the Debtor's maintenance and support. Debtor should establish why retention of 2007 Springdale Keystone (trailer), 2018 Kawasaki Teryx side by side and trailer is reasonably necessary for Debtor's maintenance and support while returning ZERO to unsecured creditors.

5. Schedules I & J show net disposable income that is **greater** than the plan payment. Therefore, the plan and/or Schedules I & J should be amended so that the plan payment is equal to the disposable income on Schedule J.

6. The Debtor failed to provide at the 341 Meeting a copy of the 2018 county property tax assessment for the real property listed on Schedule A/B (see Local Rule 2083-1(e)(1)B)).

7. The Debtor lists on Schedule I a payroll deduction for cash advance repayment of $278.57.  The Debtor should either substantiate this expense with admissible, documentary evidence, or remove it from Schedule I.

8. Trustee requests copy of divorce decree and 2018 state and federal tax returns.

9. The Debtor failed to file a *Declaration of Filed Tax Returns* as required by Local Rule 6070-1(c)(3).

10. The Debtor failed to timely provide the Trustee with copies of their State and Federal income tax returns for 2017 (see § 521(e)(2)(A)(i), Fed. R. Bankr. P. 4002(b)(2)(B), and Local Rule 6070-1(c)(2)).

11. Trustee requests copy of final loan modification documents for Debtor's primary residence.

12. The *Disclosure of Compensation of Attorney for Debtor* filed under Bankruptcy Rule 2016 provides for attorney fees greater than $4,000, which is the presumptive fee set by the Court (s*ee*, *Attorney's Fees in Chapter 13 Cases*, No. 06-50001, slip op. at 4 (Bankr. D. Utah March 22, 2006)). If counsel is seeking fees greater than $4,000, it will require a fee application that is filed and noticed pursuant to §§ 329 and 330 and Fed. R. Bankr. P. 2016.

13. Trustee objects to Debtor's plan under Part 2.1 - payments should be scheduled on a monthly basis as all payments are due on the 25th of the month.

14. The Debtor has selected two methods of plan payments in Part 2.2 of the Plan. Trustee objects to the plan as it is unclear how Debtor intends to make payments to the Trustee.

15. The Trustee objects to the Plan because it fails to include contribution of tax refunds in Part 2.3 consistent with local practices.

16. The Debtor should establish notice of the Plan is proper as the separate certificate of service has not been filed for creditors listed in Part 3.2 or 3.4. See Federal Rule of Bankruptcy Procedure 3012 and 4003(d) and Local Rule 2083-2(h)(2) and (j)(2).

17. Trustee objects to language in Part 8.1 of Debtor's plan as it does not comply with §§ 1322(b) and 1325(a)(5) as it does not provide for payment of arrearages, or surrender of the property. If Debtor received a loan modification post-petition, it does not appear that this was approved by the Court.

18. The Plan fails to include a required non-standard provision in Part 8.1. See Local Rule 2083-2(f). The Debtor(s) have failed to include a statement indicating the applicable commitment period is 36 months as a below median case or 60 months as an above median case.

19. The Plan fails to include a required non-standard provision in Part 8.1. See Local Rule 2083-2(f). The Plan fails to include language: The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan.

20. The Debtor is not complying with the disposable income requirements of § 1325(b). According to the Trustee's calculations on Form 122C-2, the Debtor has Monthly Disposable Income higher than the amount on Line 45. In support of this objection, the Trustee argues the following Lines of the Form 122C-2 claim an improper deductions under § 707(b)(2):

(a) Line No. 11 (Debtor has one motor vehicle and should be limited to one transportation deduction);
(b) Line No. 16 (payment advices support $792);
(c) Line No. 19 (Trustee has requested evidence of child support/court ordered payments as this deduction is inconsistent with Schedule I and the payment advice average);
(d) Line No. 22 (deduction must be reduced by Line No. 7);
(e) Line No. 23 (Trustee requests evidence that this does not include basis home telephone, internet and cell phone service);
(f) Line No. 29 (Form requires documentation to Trustee, and that deduction is not already accounted for in lines 6-23)
(g) Line No. 33d (Trustee has objected to retention of the Kawasaki and Springdale);
(h) Line No. 36 (bi-weekly payments of $543.69 is a monthly payment of $1,177.99).

21. The Debtor is not complying with the disposable income requirements of § 1325(b). According to the Debtor's calculations for Form 122C-2, the Debtor has Monthly Disposable Income of $194.64 that requires a total return of $11,678.04 to nonpriority unsecured creditors. However, the Debtor has proposed a return of ZERO. This may increase based on the Trustee's objections to deductions on the Form 122C-2.

22. The Debtor is proposing to modify the value of a claim secured by a "910-vehicle" (see § 1325(a)(9)), but the creditor has not affirmatively accepted the plan as required by § 1325(a)(5) and in *In re Montoya*, 341 B.R. 41, 47 (Bankr. D. Utah 2006).

23. The Trustee has filed two Motions to Dismiss. Pursuant to Local Rule 2083-1 (f), the Debtor has filed objections. Pending orders sustaining the Debtors objections have not been filed. Unless otherwise directed by the court, this motion will be heard at the confirmation hearing.

24. The following creditor objection(s) remain unresolved: Utah State Tax Commission, America First Credit Union, Gateway One.

25. It appears that the plan proposes monthly payments to creditors which are greater than the plan payment of $1,177.99 less the Trustee's statutory commission. Consequently, the plan is not feasible and the debtors have not complied with the requirements of §§ 1322 and 1325.

26. The Debtors have proposed an interest rate of 0% on the secured claim of Gateway One. The Trustee asserts that this amount is less than an appropriate interest calculation under *Till v. SCS Credit Corporation (In re Till)*, 541 U.S. 465 (2004) (prime plus an appropriate risk factor).

27. The Chapter 13 plan does not comply with §§ 1322(b) and 1325(a)(5) in that it does not provide for the following secured claim(s): Utah State Tax Commission.

28. As of June 19, 2019 the Debtors are now $969.95 delinquent for payments owing through May, 2019.

THEREFORE, the Trustee has an ongoing objection to the confirmation.

Dated: June 19, 2019                    LAJ /S/
                                        LON A. JENKINS
                                        CHAPTER 13 TRUSTEE

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Continuing Objection to Confirmation was served upon all persons entitled to receive notice in this case via ECF Notification or by U.S. Mail to the following parties on June 19, 2019:

DAVID L. FISHER, ECF Notification

/s/ Sarah Anderton